# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| MARY ANN ROBERTSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| USA TRUCK, INC. and | ) |
| CHADWICK L. TRIPLETT, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COME NOW Mary Ann Robertson, the Plaintiff, and for her causes of action against the Defendants, alleges and states as follows:

### PARTIES

1. Plaintiff Mary Ann Robertson is a resident of and domiciled in the State of Oklahoma.

2. Defendant USA Truck, Inc. (USA Truck) is an interstate commercial motor carrier and is headquartered in Van Buren, Arkansas.

3. Defendant Chadwick L. Triplett (Triplett) is a resident of and domiciled in the State of Florida and at all relevant times was operating the commercial vehicle in the course and scope of his employment with USA Truck.

### JURISDICTION AND VENUE

4. Jurisdiction of this action is proper under 28 USC § 1332 because the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and is between citizens of different states.  Venue is proper under 28 USC

§ 1391 since a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS

5. This case arises out of a collision that occurred on November 27, 2015, in the County of Montgomery, and State of Kansas.

6. On said date, Defendant Triplett was driving a semi-truck south on U.S. Highway 169 in rainy and icy conditions when he lost control of his vehicle causing it to turn and fall onto its side, coming to rest on the southbound lanes of US Highway 169 with its undercarriage facing southbound traffic.

7. Plaintiff was travelling as a passenger in a vehicle going south on US Highway 169. The driver of the vehicle Plaintiff was in attempted to avoid colliding with the semi-truck's undercarriage by driving to the right of the roadway. However, the driver was unable to avoid the semi-truck and struck part of it.

8. The collision was caused by the negligence and recklessness of Defendant Triplett as follows:

    a. He failed to maintain control of his vehicle;

    b. He was driving too fast for conditions;

    c. He violated 49 CFR 392.14 by operating his semi-truck in dangerous conditions and by failing to exercise extreme caution;

    d. He violated various city ordinances and Statutes of the State of Kansas.;

    e. He was otherwise negligent and reckless as will be more fully set forth after discovery is completed.

9.  USA Truck was negligent and reckless in entrusting Triplett with the use of its vehicle when it knew or should have known that the weather conditions made it unsafe for Triplett to drive the vehicle, Triplett was not safe to drive, was not competent or fit for the duties required of him as an employee, had a propensity for negligent driving, driving while distracted and/or was not competent to drive safely, and entrusted him with driving an unsafe vehicle. Consequently, the Plaintiffs suffered damages as set forth in this Petition.

10. USA Truck was negligent per se in allowing Triplett to drive one of its vehicles without being qualified to safely operate the vehicle, as prohibited by 49 CFR 391.11, and failing to have the knowledge of and comply with all FMCSRs, as required by FMCSR § 390.3 and § 390.11, *see* also FMCSR § 383.110 and § 383.111.

11. USA Truck was also negligent and reckless in that it:

   A. Failed to properly train Triplett;

   B. Failed to properly supervise Triplett; and

   C. Failed in choosing to retain Triplett as an employee.

12. USA Truck is liable to the Plaintiff due to the acts and omissions of Triplett by virtue of *respondeat superior.*

13. As a result of the negligence and recklessness of the Defendant, Plaintiff suffered injuries and damages in excess of $75,000.00 as follows:

   A.   Past medical expenses;

   B.   Future medical expenses;

   C.   Past physical pain and suffering;

   D.   Future physical pain and suffering;

   E.   Past mental pain and suffering;

   F. Future mental pain and suffering;

   G. Past lost wages;

   H. Future lost wages;

   I. Loss of earning capacity

   J. Permanent impairment;

   K. Punitive damages;

   L. Other damages to be more fully set forth after discovery is completed.

14. The reckless actions of the Defendants are such that punitive damages should be assessed against each in an amount in excess of $75,000.00.

WHEREFORE, the Plaintiff prays for judgment against each Defendant for the injuries and damages set forth above, costs of suit herein incurred, interest and such other and further relief as the Court deems just and equitable.

             Respectfully submitted,

         By /s/ Robert W. Lattin
            Robert W. Lattin, SC#15489
            Lattin Law Offices, Chartered
            PO Box 396
            Independence, KS 67301
            620-331-8070 (voice)
            620-331-6534 (fax)
            Email: lattin@terraworld.net